# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

William J. Bartz. Jr., )
    Plaintiff, )
)
v. ) 1:13cv133 (TSE/IDD)
)
J. Dean Lewis, et al., )
    Defendants. )

## MEMORANDUM OPINION

William J. Bartz, Jr., a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that multiple defendants—including defense attorneys, Commonwealth Attorneys, state judges, other state and private actors, and Virginia Department of Corrections Director Harold Clarke—have violated his constitutional rights. For the following reasons, this action must be dismissed without prejudice, and defendants Neely, Sullivan, Edmunds, Synan, C. Takos, S. Takos, J. Takos, Bonn, Jarrell, McCall, Lewis, Ledbetter, and Forster must be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim for which relief can be granted.[1]

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

# I. Background

Plaintiff's allegations are difficult to follow, but in his first claim, titled "Fraud, Extortion and Blackmail and Coercion," he describes events surrounding his arrest for trespassing, seemingly in 1996 or 1997, but does not request any relief. In his second claim, titled "Obstruction of Justice, Deprivation of Rights, Conspiracy," he, in part, appears to allege that he received an unfair criminal trial in 1997 because he was under the influence of pain medications and because his defense attorney "influenced [plaintiff] to sign away his rights to a 'Speedy Trial'. . . ." He then describes the efforts of several defendants allegedly to conspire against him while he was incarcerated. It appears that plaintiff remains incarcerated pursuant to the convictions entered in 1997.

# II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

#### A. Defendants Neely and Sullivan

Plaintiff's claims against defendants Neely and Sullivan, both Commonwealth Attorneys, will be dismissed for failure to state a claim for which relief can be granted because they cannot be liable to plaintiff under § 1983. Defendants Neely and Sullivan, as a state prosecutors, are absolutely immune from suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). A state prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983 for those actions because of public policy considerations. Id. at 410, 427. The Fourth Circuit has noted that "the public interest in forthright enforcement of the criminal law is best served when a state's attorney can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits." Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974). Because defendants Neely and Sullivan's actions or omissions were conducted in the course of their pursuit of a criminal prosecution against plaintiff, they enjoy absolute immunity from this § 1983 suit, and the claims against them must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

#### B. Defendants Edmunds, Synan, C. Takos, S. Takos, J. Takos, Bonn, Jarrell, and McCall

Defendants Edmunds and Synan, both defense attorneys, also must be dismissed for failure to state a claim. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). The Fourth Circuit has held that

3

"[d]efense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders." Ward v. Ghee, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (table; available at 1993 WL 410357) (citations omitted). Here, then, defendants Edmunds and Synan are not amenable to suit for any actions they took during his representation of the plaintiff, and plaintiff's claim against them must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.

Similarly, defendants C. Takos, S. Takos, J. Takos, Bonn, Jarrell, and McCall also must be dismissed with prejudice. They are not persons acting under the color of state law and cannot be sued under § 1983.

## C. Defendants Lewis, Ledbetter, and Forster

Defendants Lewis, Ledbetter, and Forster, all state judges, also must be dismissed. It is well-settled that judges are absolutely immune for suits arising out of their judicial acts. Pierson v. Ray, 386 U.S. 547 (1967). Plaintiff's allegations against defendants Lewis, Ledbetter, and Forster challenge their rulings in state court litigation; thus, plaintiff cannot state a claim for § 1983 liability against them. Therefore, they must be dismissed with prejudice.

## D. Claims for Relief

Finally, plaintiff's allegations in substance state no claim for which § 1983 relief presently is available. Where a complaint attacks, in part, the fact or duration of confinement, as the instant complaint appears to do, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. See Preiser v. Rodgriquez, 411 U.S. 475, 487 (1973). As the Supreme Court noted, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

4

U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 646–47 (1997) (recognizing a valid § 1983 claim when the procedural claim at issue does not call into question the lawfulness of plaintiff's continuing confinement).

In the instant case, should this Court grant plaintiff's desired relief, it would immediately call into question his underlying criminal conviction. As such, this claim should be brought as a habeas petition. To pursue a § 1983 claim for damages, he must file a habeas corpus petition pursuant to 28 U.S.C. § 2254 after first exhausting his state court remedies by presenting his claims to the Supreme Court of Virginia in a state petition for writ of habeas corpus.

### IV. Conclusion

For the above-stated reasons, this action must be dismissed without prejudice, and defendants Neely, Sullivan, Edmunds, Synan, C. Takos, S. Takos, J. Takos, Bonn, Jarrell, McCall, Lewis, Ledbetter, and Forster must be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Entered this 7th day of February 2013.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

5